UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| LANCE REBERGER, | Case No. 3:16-cv-00269-MMD-VPC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| HAROLD M. BYRNE, *et al.*, | |
| Defendants. | |

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. On December 23, 2016, this Court issued an order denying Plaintiff's application to proceed *in forma pauperis* because Plaintiff had "three strikes" pursuant to 28 U.S.C. § 1915(g). (ECF No. 4 at 1-2.) The Court informed Plaintiff that if he did not pay the $400.00 filing fee in full within thirty (30) days of the date of that order, the Court would dismiss the action without prejudice. (*Id.* at 2.) The thirty-day period has now expired and Plaintiff has not paid the full filing fee of $400.00. Instead, Plaintiff has filed a motion for court screening or realignment of civil case (ECF No. 5), a motion for relief from order and to rescreen complaint (ECF No. 6), a motion for extension of time (ECF No. 7), and a motion for leave of court for extra pages in first amended complaint (ECF No. 8).

The Court denies Plaintiff's motion to screen his case (ECF No. 5) because Plaintiff has not paid the $400 filing fee in this case. The Court interprets Plaintiff's motion for relief from order (ECF No. 6) as a motion for reconsideration and denies the motion. The Court has reviewed Plaintiff's complaint again and finds that these allegations again fail to plausibly allege that Plaintiff is in imminent danger of serious physical injury. The Court also denies Plaintiff's motion to file extra pages in his first amended complaint (ECF No. 8) because Plaintiff has not paid the full filing fee for this case.

The Court denies Plaintiff's motion for an extension of time (ECF No. 7). In the motion, Plaintiff seeks an extension of sixty (60) days to give him time to find an attorney who will pay the filing fee. Since at least 2013, if not earlier, Plaintiff knew that he had three strikes pursuant to § 1915(g). *See Reberger v.* Cox, 3:13-cv-00522-MMD-WGC at ECF No. 4 (order informing Plaintiff of his three strikes status). The Court will not stay the case in order for Plaintiff to find an attorney who will pay his filing fee. Plaintiff can re-file his case when he secures the funds to pay the filing fee.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

///

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor — public policy favoring disposition of cases on their merits — is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to pay the full filing fee within thirty (30) days expressly stated: "It is further ordered that this action will be dismissed without prejudice unless Plaintiff pays the $400.00 filing fee (which includes the $350 filing fee and the $50 administrative fee) in full within thirty (30) days of entry of this order." (ECF No. 4 at 2.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to pay the full filing fee within thirty (30) days.

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to pay the $400.00 filing fee in compliance with this Court's December 23, 2016, order.

It is further ordered that the motion for court screening (ECF No. 5) is denied.

It is further ordered that the motion for relief from order (ECF No. 6) is denied.

It is further ordered that the motion for extension of time (ECF No. 7) is denied.

It is further ordered that the motion for leave of court for extra pages (ECF No. 8) is denied.

It is further ordered that the Clerk of Court enter judgment accordingly.

DATED THIS 31st day of January 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE